IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JENNIFER COOPER, et al.,

        Plaintiffs,

v.                                CIVIL ACTION NO. 2:12-cv-01660

JOHNSON & JOHNSON, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Partial Summary Judgment)

Pending before the court is the Motion for Partial Summary Judgment [ECF No. 67] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I.    **Background**

This action involves Kentucky co-plaintiffs, one of whom was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape ("TVT"), on January 20, 2004, at St. Elizabeth Medical Center, Edgewood, Kentucky, by Dr. Edward R. Flicker. Am. Short Form Compl. [ECF No. 17] ¶¶ 1–12. The case resides in one of seven MDLs assigned to the Honorable Joseph R. Goodwin by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This

individual case is one of a group of cases that the Clerk of the Court reassigned to me on November 22, 2016. [ECF No. 86]. In the seven MDLs, there are approximately 28,000 cases currently pending, approximately 17,000 of which are in the Ethicon MDL, MDL 2327.

Prior to the reassignment, in an effort to efficiently and effectively manage the massive Ethicon MDL, Judge Goodwin decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, Judge Goodwin ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 206, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-02327, Nov. 20, 2015, [http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html]. The plaintiffs' case was selected as an "Ethicon Wave 2 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for

summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree that Kentucky choice-of-law principles apply to this case and that these principles compel the application of Kentucky law to the plaintiffs' claims.

3

Ethicon asserts that New Jersey law applies to the issue of punitive damages; the plaintiffs do not respond to this assertion. Here, I need not decide what law applies to punitive damages at this time because Ethicon does not directly challenge punitive damages.

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. The choice of law for these pretrial motions depends on whether they concern federal or state law:

> When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located. When considering questions of state law, however, the transferee court must apply the state law that would have applied to the individual cases had they not been transferred for consolidation.

*In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) (citations omitted). To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where a plaintiff first filed her claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996) ("Where a transferee court presides over several diversity actions consolidated under the multidistrict rules, the choice of law rules of each jurisdiction in which the transferred actions were originally filed must be applied."); *In re Air Crash Disaster Near Chi., Ill.*, 644 F.2d 594, 610 (7th Cir. 1981); *In re Digitek Prods. Liab. Litig.*, MDL No. 2:08-md-01968, 2010 WL 2102330, at *7 (S.D. W. Va. May 25, 2010). If a plaintiff files her claim directly into the MDL in the Southern District of West Virginia, however, I consult the choice-of-law rules of

the state in which the plaintiff was implanted with the product. *See Sanchez v. Bos. Sci. Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014). This case was filed directly into the MDL in the Southern District of West Virginia. Therefore, I use Kentucky's choice-of-law rules to determine which state's law to apply to this case.

Kentucky courts apply a "significant contacts" test for tort claims. *See Foster v. Leggett*, 484 S.W.2d 827, 829 (Ky. 1972). Under this rule, "significant contacts—not necessarily the most significant contacts" permit the application of Kentucky law. *Id.* Moreover, "any significant contact with Kentucky [i]s sufficient to allow Kentucky law to be applied." *Bonnlander v. Leader Nat. Ins. Co.*, 949 S.W.2d 618, 620 (Ky. 1996); *see also Brewster v. Colgate–Palmolive Co.*, 279 S.W.3d 142, 145 n.8 (Ky. 2009) (finding "significant contacts" with Kentucky and applying Kentucky law even though the plaintiff was exposed to asbestos when he worked at the defendant's Indiana plant). Here, Kentucky is where the plaintiffs reside, where the TVT implant surgery took place, and where their claimed injuries occurred. Thus, I **FIND** that Kentucky has significant contacts with the case, and I apply Kentucky law.

### III. Analysis

Ethicon argues it is entitled to partial summary judgment because the relevant statute of limitations bars certain claims. Ethicon also argues it is entitled to partial summary judgment because the plaintiffs' claims are without evidentiary or legal support.

5

### A. Conceded Claims

The plaintiffs concede the following claims: Count II (Manufacturing Defect), Count IX (Negligent Misrepresentation), Count XI (Breach of Express Warranty), Count XII (Breach of Implied Warranty). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Partial Summary Judgment [ECF No. 67] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count II (Manufacturing Defect), Count IX (Negligent Misrepresentation), Count XI (Breach of Express Warranty), and Count XII (Breach of Implied Warranty). Ethicon's Motion is **DENIED** in all other respects.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2017

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE